UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DORETHA M. BELNAVIS,

        Plaintiff,

v.                                        CASE No. 8:05-CV-778-T-23TGW

R. JAMES NICHOLSON, etc.,

        Defendant.

_____

<u>REPORT AND RECOMMENDATION</u>

        The plaintiff, Doretha M. Belnavis, seeks damages from the Secretary of the Department of Veterans Affairs based on two claims: (1) She demands additional compensation as a result of an agency determination that she has been the victim of disability discrimination and retaliation without exposing the findings of discrimination and retaliation to judicial consideration; and (2) she requests an award under the Privacy Act predicated upon alleged improper access to her medical records by her supervisor.  The defendant has moved for summary judgment (Doc. 13-1), and that motion has been referred to me for a report and recommendation.

After a hearing and supplemental briefing, it is clear that the plaintiff's first claim fails because the law, at least in this circuit (and several others), does not permit a plaintiff who alleges employment discrimination to accept part of an administrative decision and challenge a different part. Rather, the law requires complete <u>de novo</u> consideration of the alleged discrimination and retaliation. Furthermore, the plaintiff's motion to amend (Doc. 29) that deficient claim should be denied for several reasons.

The defendant also argues that the employment discrimination claim should be dismissed on the ground of judicial estoppel because the plaintiff failed to disclose that claim in bankruptcy proceedings. Eleventh Circuit decisions demonstrate that that contention has merit and provides an alternative basis for dismissal of the employment discrimination claim.

In addition, the defendant argues that the Privacy Act claim is barred by the statute of limitations. The plaintiff does not dispute that contention.

Accordingly, I recommend that the motion for summary judgment be granted and the complaint dismissed.

I.

The plaintiff worked for the Department of Veterans Affairs ("VA") for about eight years (Doc. 1, p. 2). For the last two years, she worked as a clerk in the billing office of the James A. Haley Medical Center in Tampa, Florida (id.). During her employment she was diagnosed with a stress-related mental disability and PTSD, for which she was receiving service-connected VA disability benefits (Doc. 16-1, p. 2).

The plaintiff was told in January 2003 that her immediate supervisor had illegally accessed the plaintiff's medical records (Doc. 16-3, p. 2). The plaintiff then discovered that the supervisor had accessed her records five times, four of which she believed to be illegal (id.). Dissatisfied with the results of her objection to that conduct, she contacted an EEO counselor on March 4, 2003 (id. at p. 3).

Co-workers have stated that the supervisor made derogatory statements about the plaintiff, such as, she was "crazy" and "stupid," and that she "is the kind of bitch that will come in here and shoot everybody in here" (id.). Further, the supervisor on May 14, 2003, undertook written counseling in the form of a memorandum to the plaintiff, instructing her not to take her work to temporary billing clerks (id. at p. 13). On May 28, 2003, the plaintiff

contacted an EEO counselor about disparate treatment and harassment (id. at p. 4). The plaintiff also complains that, on May 29, 2003, she was denied advanced sick leave, purportedly because that decisionmaker did not think that the plaintiff could recoup the leave in the future (id. at p. 4).

On April 13, 2003, and July 25, 2003, the plaintiff made formal EEO complaints alleging race, sex and disability discrimination, and retaliation (id. at pp. 1-2). The plaintiff elected, in lieu of proceeding before the Equal Employment Opportunity Commission ("EEOC"), to have a final decision by the agency without a hearing (id. at p. 1). "On March 26, 2004, the Department issued a final agency decision (FAD) which found that the complainant was discriminated against based on the basis of disability with regard to her harassment, and discriminated against on disability and reprisal in connection with the written counseling" (Doc. 16-4, p. 11; see Doc. 16-3). The issue of damages was deferred pending further development of the pertinent information (Doc. 16-3, pp. 20-22). On February 24, 2005, the agency issued a final decision on compensatory damages, awarding the plaintiff $8,615 for past medical expenses and $25,000 for non-pecuniary loss, so that there was a total recovery of $33,615 (Doc. 16-4, pp. 6, 13).

This administrative decision, like the first decision, advised the plaintiff that she had a right to appeal to the EEOC within thirty days, or to file a lawsuit within ninety days (id. at pp. 13-15).  On April 21, 2005, the plaintiff timely filed a two-count complaint in this court (Doc. 1).  In Count I, the plaintiff sued under the Rehabilitation Act, stating that she "accepts the [agency] determination on liability, but seeks review of the decision on compensatory damages, believing that such is inadequate" (id. at p. 4).  Count II alleged claims under the Privacy Act based upon the plaintiff's supervisor's unauthorized access to the plaintiff's medical records (id. at p. 5).

While this suit was pending, defense counsel discovered that the plaintiff and her husband had filed, under Chapter 13, two bankruptcy petitions, one in August 2002, and one in June 2004 (Doc. 13-1, pp. 2-3).  The plaintiff did not disclose in her petitions her administrative or judicial claims of discrimination, and did not disclose her receipt of the $33,615 award (id.).  When those matters were brought to the attention of the bankruptcy court, the plaintiff was directed to pay her creditors in full, which she has recently done (Doc. 31-2).

The defendant has filed a motion for summary judgment (Doc. 13-1).  After the plaintiff responded (Doc. 16), the matter was referred to me for a report and recommendation (Doc. 17).  At a hearing conducted on the motion, it appeared that neither side was aware of <u>Ellis</u> v. <u>England</u>, 432 F.3d 1321 (11th Cir. 2005), a case directly on point on Count I, and it also appeared that there were factual issues that could be clarified.  Accordingly, the parties were permitted to file supplemental memoranda addressing <u>Ellis</u> v. <u>England</u>, <u>supra</u>, and to file other motions that were appropriate in order to clarify certain issues (Doc. 26).  Each side has filed a supplemental memorandum (Docs. 27-1, 28-1).  In addition, the plaintiff has filed a motion seeking leave to conduct discovery within sixty days concerning the authority of agency representatives to inform the plaintiff that she could cash the check for $33,615, and still proceed with this action (Doc. 29).  In the motion, the plaintiff also sought leave to amend the complaint to request <u>de</u> <u>novo</u> review in the event that it is determined that the plaintiff cannot seek only additional damages (<u>id</u>. at p. 2).

II.

The court shall enter summary judgment only if the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.Civ.P. 56( c). Material facts are those over which disputes "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The movant bears the burden of establishing the absence of a dispute over material facts. Reynolds v. Bridgestone/Firestone, Inc., 989 F.2d 465, 469 (11th Cir. 1993).

Where the party opposing the summary judgment motion has the burden of proof at trial, the moving party may discharge its initial burden by identifying specific portions of the record which show the absence of evidence to prove the nonmoving party's case at trial. United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437-38 (11th Cir. 1991). Alternatively, the movant may come forward with "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." Id. at 1438. If the

moving party does not meet its burden, then the motion for summary judgment will be denied.  Id. at 1437.

Where the moving party meets its initial burden, the burden then shifts "to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  If the party opposing the motion is unable to make a sufficient showing on an element essential to its case on which it has the burden of proof at trial, the movant is entitled to summary judgment. United States v. Four Parcels of Real Property, supra, 941 F.2d at 1438.

In determining whether the moving party should be awarded summary judgment, the court must view the evidence and factual inferences therefrom in the light most favorable to the opposing party.  Reynolds v. Bridgestone/Firestone, Inc., supra, 989 F.2d at 469.  Any reasonable doubts about the facts are to be resolved  in favor of the party opposing  the motion for summary judgment.  Id.

### III.

The defendant raises four contentions in his summary judgment motion: (1) The plaintiff failed to state a claim for relief because she

improperly seeks review only of the damages portion of the administrative award; (2) the plaintiff lacks standing to seek review of the administrative award because the discrimination claim is the property of the bankruptcy trustee; (3) the plaintiff should be judicially estopped from pursuing the employment discrimination count because she failed to disclose the discrimination claims in the bankruptcy proceedings; and (4) the Privacy Act claim is barred by the statute of limitations (Doc. 13-1).   Two of these contentions can be quickly resolved.

A.   The contention that the plaintiff lacks standing to pursue the discrimination claim because it is the property of bankruptcy estate lacks merit.  The plaintiff's bankruptcy proceedings were under Chapter 13.  The Eleventh Circuit has said that a debtor under Chapter 13 "retains standing to pursue legal claims on behalf of the estate." Crosby v. Monroe County, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004).

B.   The defendant's limitations challenge to the Privacy Act claim in Count II, on the other hand, is concededly meritorious.  The plaintiff learned of her supervisor's access to her medical records by at least January 2003 (Doc. 16-3, p. 2).  The limitations period for Privacy Act claims is two

years, 5 U.S.C. 552a(g)(5), and this suit was not filed until April 24, 2005. Accordingly, the plaintiff in her response to the summary judgment motion did not challenge the defendant's limitations argument (see Doc. 16), and acknowledged at the hearing that the Privacy Act claim in Count II was barred by the two-year statute of limitations.

       C.   The law also permits easy resolution of the defendant's contention that the plaintiff cannot seek judicial consideration of only her claim for additional compensation.   That issue, however, warrants some discussion.

       The plaintiff's approach in Count I of obtaining judicial resolution of just the damages aspect of the administrative decision was squarely rejected by the Eleventh Circuit in Ellis v. England, supra.   There, the court of appeals held that a federal employee filing a discrimination suit under 42 U.S.C. 2000e-16(c), after exhausting administrative remedies, receives de novo consideration of the entire claim and cannot obtain fragmentary review of unfavorable portions of the administrative decision. In reaching this conclusion, the court found persuasive the opinions of three other circuits.  See Morris v. Rumsfeld, 420 F.3d 287 (3d Cir. 2005); Scott v.

Johanns, 409 F.3d 466 (D.C. Cir. 2005); Timmons v. White, 314 F.3d 1229 (10th Cir. 2003).  The court noted that two circuits had held that fragmentary review was permissible.  See Pecker v. Heckler, 801 F.2d 709 (4th Cir. 1986); Girard v. Duvin, 62 F.3d 1244 (9th Cir. 1995).  However, since the time of the Ellis v. England decision, the Fourth Circuit has now overruled its prior precedent and agrees with the position taken by the Eleventh Circuit and the three other circuits.  See Laber v. Harvey, 438 F.3d 404 (4th Cir 2006)(en banc).

The plaintiff in her Second Supplemental Memorandum, without citing any legal authority, makes a feeble attempt to distinguish the controlling decision of Ellis v. England.  If she had read (or if read, paid attention to) the appellate decisions found persuasive by the Eleventh Circuit, she would have seen that the purported distinctions make no difference.

The plaintiff tries to make something of the fact that there were two administrative decisions, one concerning liability and one concerning damages.  She indicates that she is entitled to appeal only the second.

Even on its face, this theory is unpersuasive.  Until the issue of damages is resolved, the plaintiff seemingly would not have exhausted her

remedies so that she could not have obtained judicial review prior to that point.  In other words, it is only when the damages are determined that the administrative process is completed and the plaintiff is entitled to a trial <u>de novo</u>.  Accordingly, the Third Circuit in <u>Morris</u> v. <u>Rumsfeld</u>, <u>supra</u>, 420 F.3d at 294, rejected the argument that, "because the liability ruling and the compensatory damages ruling in [the plaintiff's] case were made in two separate decisions, he is entitled to enforce the liability ruling while challenging the compensatory damages ruling."  The court explained that "[a]ll of the decisions ... that reject 'limited <u>de novo</u>' trials are logically incompatible with this position, since they propose judicial review entirely independent of the administrative proceedings."  <u>Id</u>.

The plaintiff also asserts that it makes a difference that the administrative proceedings in <u>Ellis</u> v. <u>England</u> went through the EEOC, whereas, in this case, the proceedings were conducted entirely by the Department of Veterans Affairs.   Again, that purported distinction is meritless.  A federal employee charging discrimination has the option of having her claim administratively resolved by her own agency, or by the EEOC (<u>see</u>, <u>e.g.</u>, Doc. 16-3, p. 1).  In either event, the gateway to federal court

is through 42 U.S.C. 2000e-16(c).  It is that provision, in light of <u>Chandler</u> v. <u>Roudebush</u>, 425 U.S. 840 (1976), that has led five circuits, including the Eleventh, to conclude that a partially unsuccessful federal employee may not obtain a limited <u>de</u> <u>novo</u> trial.  Accordingly, the District of Columbia Circuit in <u>Scott</u> v. <u>Johanns</u>, <u>supra</u>, held that a federal employee who had presented his discrimination complaint only to his own employing agency could not seek judicial review of just the agency's remedial award.

In short, <u>Ellis</u> v. <u>England</u> controls this case and establishes that Count I fails to state a claim for relief.  <u>See</u> <u>Laber</u> v. <u>Harvey</u>, <u>supra</u>, 438 F.3d at 424-26.  The plaintiff attempted to avoid this conclusion by asserting at the hearing that the complaint requests a full <u>de</u> <u>novo</u> trial.  The complaint contains no such allegation.  Thus, it alleges that "Plaintiff accepts the determination on liability, but seeks review of the decision on compensatory damages, believing that such is inadequate" (Doc. 1, p. 4).  Moreover, this case has passed the pretrial stage, and the pretrial statement makes clear that the plaintiff is seeking limited <u>de</u> <u>novo</u> review of the damage award (Doc. 19).  <u>See</u> <u>Laber</u> v. <u>Harvey</u>, <u>supra</u>, 438 F.3d at 413 n.3.  Such relief, however, is clearly not available under <u>Ellis</u> v. <u>England</u>.  The defendant is therefore

entitled to judgment as a matter of law on Count I.  <u>See</u> <u>Laber</u> v. <u>Harvey</u>, <u>supra</u>, 438 F.3d at 426.

Up to this point, the law was clear and the contentions were easily resolved.  Now it gets harder in that the court's discretion comes into play.

The plaintiff has recently filed a motion which requests, among other things, leave to amend the complaint (Doc. 29, p. 2).  Ordinarily, as the plaintiff indicates, leave to amend is to be freely granted.  For several reasons, however, I recommend that the motion be denied.

In the first place, the motion violates Local Rule 3.01(a), which requires a memorandum of legal authority in support of the request.  The motion contains no citation of legal authority, not even a reference to Rule 15, F.R.Civ.P.

Moreover, the motion is not accompanied by the proposed amended complaint.  Also, the motion does not adequately indicate what the proposed amendments would be.  These circumstances weigh against granting leave to amend.  <u>Looper Maintenance Service, Inc.</u> v. <u>City of Indianapolis,</u>

197 F.3d 908, 915 (7th Cir. 1999); <u>Wolgin</u> v. <u>Simon</u>, 722 F.2d 389, 394-95 (8th Cir. 1983).

Furthermore, the Case Management and Scheduling Order entered in this action specifically provides that "[p]arties shall take heed that motions to amend any pleading ... filed after issuance of this Case Management and Scheduling Order <u>are</u> <u>disfavored</u>" (Docs. 8, 10-1) (emphasis in original). Indeed, the local rules state that the filing of such a motion in this type of case is "distinctly disfavored." Local Rule 3.05(c)(2)(E).

The entry of the Case Management and Scheduling Order therefore makes especially significant the plaintiff's failure to comply with Local Rule 3.01(a), which requires a motion to be supported by a memorandum of law. This is because the entry of that Order requires consideration of Rule 16(b), F.R.Civ.P. In <u>Sosa</u> v. <u>Airprint Systems, Inc.</u>, 133 F.3d 1417 (11th Cir. 1998), the Eleventh Circuit held that, when a district court enters a Rule 16 Scheduling Order, which, among other things, limits the time to amend the pleadings, that Order may be modified only "upon a showing of good cause" pursuant to Rule 16(b). The court explained that a plaintiff must

show good cause under Rule 16(b) before it is appropriate to consider whether an amendment is proper under Rule 15(a).  133 F.3d at 1419.

In this case, the court entered the Rule 16 Scheduling Order on September 29, 2005.  As indicated, the Order provided that any motion to amend filed after that date was "disfavored" (Doc. 8).  While that provision did not state the restriction in terms of an absolute cut-off date, it was an Order under Rule 16 "that limits the time to ... amend the pleadings ...."  Rule 16(b), F.R.Civ.P.  Thus, any motion to amend filed after September 29, 2005, had to overcome the hurdle that it was disfavored.  This is not meaningfully different from the setting of a final cut-off date, because even that date is subject to modification under Rule 16(b) upon a showing of good cause.

Consequently, in order to avoid the restriction placed by the Scheduling Order upon the filing of motions to amend after September 29, 2005, the plaintiff must show good cause under Rule 16(b) for a modification of that Order.  Since the plaintiff apparently did not recognize the application of Rule 16(b), she did not seek a modification of the Scheduling Order with an appropriate showing.  Moreover, it does not seem that the plaintiff can show good cause for not filing the motion to amend in a more timely manner.

As <u>Sosa</u> points out, the focus of "good cause" is upon the diligence of the party seeking the extension.  133 F.3d at 1418.  Here, the plaintiff was clearly not diligent in discovering that her claim for limited review in Count I was contrary to a controlling Eleventh Circuit decision, as well as against the heavy weight of federal appellate authority.  In light of that authority, the plaintiff should have months earlier abandoned her approach and filed a motion for leave to amend.

Accordingly, the plaintiff's request to amend should be considered under the criterion that it is "disfavored."  Applying that standard, the plaintiff's motion to amend should surely be denied.

In all events, even if the plaintiff's motion were judged simply under Rule 15(a), the motion should be denied.  Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Justice does not require granting leave to amend, however, where the amendment would prejudice the defendant or follows undue delay.  <u>Campbell</u> v. <u>Emory Clinic</u>, 166 F.3d 1157, 1162 (11th Cir. 1999).  Furthermore, the Eleventh Circuit stated in <u>Campbell</u> that "[p]rejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."  <u>Id.</u>; <u>see</u> <u>also</u> <u>Jameson</u> v. <u>Arrow</u>

Company, 75 F.3d 1528, 1534-35 (11th Cir. 1996).  That is essentially the situation here.

Importantly, this case had reached the point of the pretrial conference (Doc. 21) and was approaching the time for trial.  If the plaintiff is permitted to amend her complaint to assert a claim for a jury trial de novo on the issue of liability, as well as the issue of damages, the case would seemingly regress back to near the beginning, and would be greatly expanded.  Thus, not only would the case then present the normal issues associated with liability in discrimination and retaliation claims, but it would also create issues arising from the acceptance of the $33,615 award, see Laber v. Harvey, supra, 438 F.3d at 436 (Niemeyer, J., concurring in part and dissenting in part), and from the plaintiff's rejoinder that the defendant is estopped to make anything out of the plaintiff's cashing of the check as a result of statements by agency officials.  The case would be complicated further by anticipated challenges from the defendant that at least some of the proposed amendments, such as allegations regarding written counseling, would not relate back and would therefore be untimely (see Doc. 27-1, pp. 9-10).

Finally, it is significant that the plaintiff has received $33,615 on her discrimination and retaliation claims.  Notably, the evidence on those

claims, as described in the administrative decision, does not appear particularly compelling (Doc. 16-3).[1] Under these circumstances, it does not seem that the plaintiff will suffer an injustice if she is not permitted at this very late date to amend her complaint.  The plaintiff should not be rewarded for hanging tenaciously, in the face of controlling and persuasive authority to the contrary, to a position that has been aptly described as wanting to have her cake and eat it too.  See  Laber v. Harvey, supra, 438 F.3d at 436 (Niemeyer, J., concurring in part and dissenting in part).

In sum, there are several reasons why the plaintiff's motion for leave to amend the complaint should be denied.  In the first place, the motion is not supported by a memorandum of law as required by Local Rule 3.01(a). This deficiency is compounded by the failure to articulate the proposed amendments.  Furthermore, the request to amend the complaint is governed by the criterion in the Case Management and Scheduling Order that amendments after the entry of the Order are disfavored.  The plaintiff did not

---

[1] For example, the decision does not seem to describe the severe and pervasive harassment that is required under Eleventh Circuit standards.  See, e.g., Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275-77 (11th Cir. 2002); Barrow v. Georgia Pacific Corp., 144 Fed.Appx. 54, 56-58 (11th Cir. 2005).  In addition, the finding of discrimination based upon written counseling appears questionable since that counseling may not constitute adverse employment action.  See, e.g., Davis v. Town of Lake Park, Florida, 245 F.3d 1232, 1241-43 (11th Cir. 2001).

even address this standard, much less attempt to show how it was overcome. Furthermore, even under Rule 15(a), the circumstances do not justify a very substantial amendment to the complaint at this late stage of the proceedings.[2]

D.     The defendant also argues that the employment discrimination claim in Count I is barred by judicial estoppel due to the plaintiff's failure to disclose that claim in her bankruptcy proceedings.[3]  The controlling law of this circuit supports that argument.

The Supreme Court has recognized the doctrine of judicial estoppel, which is intended to protect the integrity of the judicial process by preventing a party from taking inconsistent positions in judicial proceedings. New Hampshire v. Maine, 532 U.S. 742 (2001).  The doctrine is an equitable one to be employed at the court's discretion.  Id. at 750.  In New Hampshire v. Maine, supra, 532 U.S. at 750-51, the Court pointed to a number of factors

---

[2]It is noted that the court in Laber v. Harvey, supra, permitted an amendment to the complaint after it had ruled that the plaintiff could not pursue limited review of the administrative decision.  In reaching that conclusion, the court did not consider the factors that were discussed above.  Most significantly, the plaintiff in seeking limited review in Laber had reasonably relied upon prior circuit decisions permitting limited review, which the Fourth Circuit then overruled.  Laber v. Harvey, supra, 438 F.3d at 426-29.  This case is clearly distinguishable because the law on this point was clear in this circuit since December 16, 2005, when the Eleventh Circuit decided Ellis v. England.

[3]The defendant might have argued further that the Privacy Act claim was foreclosed by judicial estoppel since there was no disclosure of the claim in Count II in the second bankruptcy proceeding.  However, he limits his argument on judicial estoppel to the employment discrimination claim (Doc. 13-1, pp. 8-9).

that are to be considered, in general, in applying judicial estoppel, noting that the factors are not inflexible prerequisites.

In a trio of cases, the Eleventh Circuit has refined the principle of judicial estoppel in the very situation presented here: the failure to disclose in a bankruptcy proceeding a claim of employment discrimination. Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir. 2002); DeLeon v. Comcar Industries, Inc., 321 F.3d 1289 (11th Cir. 2003); Barger v. City of Cartersville, Georgia, 348 F.3d 1289 (11th Cir. 2003). The record in this case shows that the plaintiff and her husband filed a petition in bankruptcy in August 2002. When the plaintiff filed her formal claims of discrimination with the VA in April and July, 2003, the plaintiff's bankruptcy schedules were not amended to reflect those claims. This bankruptcy proceeding was subsequently dismissed in July 2004.

The plaintiff and her husband, however, had filed a second bankruptcy petition under Chapter 13 on June 7, 2004, in which they were represented by an attorney. By this time, the VA had entered its March 26, 2004, decision that the plaintiff had suffered discrimination and retaliation and had directed the filing of information concerning the plaintiff's damages (Doc. 16-3). Nevertheless, the plaintiff did not indicate in her bankruptcy

proceeding that she had the pending discrimination claims.  Notably, Schedule

B of the petition asked the plaintiff about "other contingent and unliquidated

claims of every nature ...," and the plaintiff marked "none" (Doc. 27-2, p. 8).

Moreover, she was specifically directed to "[l]ist all suits and administrative

proceedings to which the debtor is or was a party within one year immediately

preceding the filing of this bankruptcy case" (id. at p. 27).  The plaintiff listed

only a mortgage foreclosure suit and did not list the pending administrative

proceeding before the VA (id.).  Subsequently, at a meeting of creditors on

July 20, 2004, the trustee asked the plaintiff and her husband if they had "the

right to sue anybody for anything: personal injury, medical malpractice,

anything like that," and received a negative response (Doc. 27-5, p. 6).

Furthermore, when the plaintiff was awarded $33,615 by the VA

on February 24, 2005, that award was not disclosed in the bankruptcy

proceeding.  In addition, when the plaintiff filed this civil action in April

2005, the bankruptcy papers were not amended to show the lawsuit.

In the three cases the Eleventh Circuit has decided involving

these circumstances, the court has not been tolerant of a failure to disclose

during a bankruptcy proceeding an employment discrimination claim.  The

court of appeals explained in the leading case of Burnes v. Pemco Aeroplex,

Inc., supra, 291 F.3d at 1286, that "[f]ull and honest disclosure in a bankruptcy case is 'crucial to the effective functioning of the federal bankruptcy system,'" and that "'the importance of full and honest disclosure cannot be overstated'" (quoting Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 362 (3d Cir. 1996)).

The Eleventh Circuit in Burnes set out two elements for the application of judicial estoppel in this context: (1) The allegedly inconsistent positions must have been made under oath in a prior proceeding; and (2) the inconsistencies must be shown to have been calculated to make a mockery of the judicial system. 291 F.3d at 1285. Unquestionably, the first element is satisfied here because the responses in the bankruptcy proceeding were made under oath. Id. at 1286; Barger v. City of Cartersville, Georgia, supra, 348 F.3d at 1294.

The court in Burnes explained that, in this setting, the vague standard of making a mockery of the judicial system focuses on the issue of intent. 291 F.3d at 1286; see also Barger v. City of Cartersville, Georgia, supra, 348 F.3d at 1294. In this respect, the court stated in Burnes that judicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence. 297 F.3d at 1286. In order for a nondisclosure

in bankruptcy to be inadvertent, the debtor must either lack knowledge of the undisclosed claims, or have no motive for their concealment. Id. at 1287; Barger v. City of Cartersville, Georgia, supra, 348 F.3d at 1295. In other words, Burnes established the rule "that judicial estoppel bars a plaintiff from asserting claims previously undisclosed to the bankruptcy court where the plaintiff both knew about the undisclosed claims and had a motive to conceal them from the bankruptcy court." DeLeon v. Comcar Industries, Inc., supra, 326 F.3d at 1291. This rule, moreover, applies to Chapter 13 bankruptcy cases. Id.

Although the plaintiff has filed an affidavit in opposition to the summary judgment motion, that affidavit does not make the showing necessary to establish that the plaintiff's nondisclosure of the employment discrimination claims in the bankruptcy proceeding was inadvertent. Unquestionably, the plaintiff knew about the discrimination claims since she filed them herself. Moreover, the plaintiff clearly had a motive for the nondisclosure of the claims. Thus, the record shows that the plaintiff was only going to be required to pay creditors about twenty percent of the debts, whereas, when the nondisclosure was discovered, she was required to pay one hundred percent (Docs. 13-4, 31-2). DeLeon v. Comcar Industries, Inc.,

-24-

supra, 326 F.3d at 1292.  Of course, any possible argument of the issue of

motivation is eliminated by the plaintiff's failure to disclose in the bankruptcy

proceeding the award of $33,615 on the employment discrimination claims.

Consequently, under the test established in Burnes for determining whether

a nondisclosure in bankruptcy was intentional or inadvertent, the evidence in

the record warrants the conclusion that the plaintiff's failure to disclose was

intentional.

Moreover, the plaintiff's affidavit does not create a factual issue

concerning whether the nondisclosure was intentional.  The plaintiff in her

affidavit makes the assertions that she "did not intentionally seek to mislead

the Bankruptcy Court" and that "[t]he failure to include the EEO claim as an

asset was truly inadvertent" (Doc. 16-2, pp. 1, 2).  In support of these

conclusory assertions, the plaintiff simply states that she did not realize that

the discrimination claims should be disclosed and that her bankruptcy attorney

did not tell her that they should be added (id. at p. 2).  These averments do not

address the elements of the Burnes test concerning whether the debtor knew

about the undisclosed claims and whether she had a motive to conceal them.

Notably, the determination in Burnes that the nondisclosure was

intentional was not a factual finding based upon the evidence, but the

establishment of a legal rule designed to promote full and honest disclosure in bankruptcy cases. Thus, the Eleventh Circuit in <u>DeLeon</u> v. <u>Comcar Industries, Inc.</u>, <u>supra</u>, 326 F.3d at 1291, referred to "the rule established in <u>Burnes</u>." Moreover, I have read the appellate briefs in <u>Burnes</u>, and they indicate that the plaintiff argued, based upon his affidavit, that a genuine issue of fact was presented that precluded summary judgment. <u>See</u> 2001 WL 34119665 *2, 10, 18-19. The Eleventh Circuit rejected that argument in establishing a legal principle for determining whether a failure to disclose an employment discrimination claim in a bankruptcy proceeding is intentional. Significantly, the plaintiff's affidavit in <u>Burnes</u>, as reflected in his appellate brief, asserted that he did not intend to mislead his creditors; that no discrimination claims were pending at the time he filed for bankruptcy and he did not know that he needed to amend his schedules; and that he was unfamiliar with the significance of terms such as "contingent and unliquidated claims." <u>Id</u>. at *5-6. This affidavit, which is similar to the plaintiff's, did not prevent the granting, and affirming, of summary judgment.[4]

---

[4]These circumstances show that any contention by the plaintiff that she was not aware of the need to amend her petition is meritless. In the first place, the plaintiff already had a pending administrative claim that had been successful with respect to liability at the time she filed her bankruptcy petition. In any event, the Eleventh Circuit in <u>Burnes</u> rejected the allegation by the debtor that he did not know he needed to amend his schedules.

Similarly, the plaintiff's affidavit filed in <u>DeLeon</u> v. <u>Comcar</u> <u>Industries, Inc.</u>, <u>supra</u>, shows that the plaintiff's affidavit here does not preclude summary judgment.  In <u>DeLeon</u>, which arose from this Division, the plaintiff averred that his bankruptcy lawyer filled out the forms and did not explain to him the term "contingent and unliquidated claims"; that he was not asked by his lawyer whether he had any present or future lawsuits; that he did not know an EEOC charge is an administrative proceeding and was never told that it was by his attorney; and that at no time did he attempt to hide assets for personal gain (Case No. 8:01-CV-1169-T-30MSS, Doc. 39, pp. 1-2). Notwithstanding this affidavit, Judge Moody granted summary judgment and the court of appeals affirmed.

The affidavits filed by the plaintiffs in <u>Burnes</u> and <u>DeLeon</u> are not meaningfully different from the plaintiff's affidavit here.  Despite the affidavits in <u>Burnes</u> and <u>DeLeon</u>, summary judgment was granted and upheld. There is nothing in the plaintiff's affidavit here that prevents the entry of summary judgment in this case.

The plaintiff suggests that, because she suffers from PTSD, anxiety and depression, she should be excused from her failure to disclose her employment discrimination claims.  Those conditions, however, would not

appear to warrant the conclusion that the plaintiff was unable to form an intent to mislead the bankruptcy court, and the plaintiff has not adduced any evidence indicating that they would.  Thus, there is no reason to think that the plaintiff's mental conditions would impair her ability to know that she had employment discrimination claims or would affect her motivation to conceal those claims.

Further, to the extent that the plaintiff is asserting that her bankruptcy lawyer failed to explain the forms to her, that assertion is meritless.  In the first place, there is no evidence from the lawyer that he did not (despite the fact that at the hearing I suggested that such evidence would be informative).  In all events, the record in <u>DeLeon</u> shows that a failure by the lawyer to explain the forms will not excuse the nondisclosure of the discrimination claims.  In addition, <u>Barger</u> v. <u>City of Cartersville, Georgia</u>, <u>supra</u>, dramatically demonstrates the ineffectiveness of a blame-the-lawyer defense.  In <u>Barger</u>, the Eleventh Circuit applied judicial estoppel based upon a failure to disclose in bankruptcy proceedings an employment discrimination claim, even though the plaintiff had told her bankruptcy attorney about the claim and he had failed to list it on the schedule of assets.  348 F.3d at 1295.

The plaintiff argues that her subsequent payment of her debts in full makes the application of judicial estoppel inequitable.  However, the nondisclosure of the employment discrimination claims was brought to light by the defendant's attorney.  The fact that, thereafter, the plaintiff made payment in full upon being directed to do so by the bankruptcy court does not justify any forgiveness.  In each of <u>Burnes</u>, <u>DeLeon</u> and <u>Barger</u>, the Eleventh Circuit rejected an argument that a debtor's subsequent effort to make amends for nondisclosure should forestall the application of judicial estoppel.  <u>Burnes</u> v. <u>Pemco Aeroplex, Inc.</u>, <u>supra</u>, 291 F.3d at 1288; <u>DeLeon</u> v. <u>Comcar Industries, Inc.</u>, <u>supra</u>, 326 F.3d at 1291-92; <u>Barger</u> v. <u>City of Cartersville, Georgia</u>, <u>supra</u>, 348 F.3d at 1297.  The court explained that withholding judicial estoppel would indicate that "a debtor should consider disclosing potential assets only if he is caught concealing them" and that this "would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets."  <u>Burnes</u> v. <u>Pemco Aeroplex, Inc.</u>, <u>supra</u>.

In sum, particularly in light of the records in <u>Burnes</u> and <u>DeLeon</u>, those decisions demonstrate that judicial estoppel should be applied here to

bar the plaintiff's employment discrimination claim in Count I.  That ground

provides an alternative basis for dismissal of that claim.

IV.

For the foregoing reasons, the plaintiff's employment

discrimination claim in Count I should be dismissed because it fails to state

a claim for relief and because it is barred by the principle of judicial estoppel.

The Privacy Act claim in Count II is precluded by the statute of limitations.

I therefore recommend that the defendant's Motion for Summary Judgment

(Doc. 13-1) be granted and the case dismissed.

Respectfully submitted,

DATED: OCT. 24, 2006

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and

recommendations contained in this report within ten days from the date of its

service shall bar an aggrieved party from attacking the factual findings on

appeal.  28 U.S.C. 636(b)(1).